**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EARL BRADLEY** | **CIVIL ACTION** |
| | **NO.2:24-cv-02678** |
| *versus* | **SECTION:** |
| **TIM HOOPER, WARDEN,**<br>**LOUISIANA STATE PENITENTIARY** | **HON. JUDGE** |
| | **MAGISTRATE JUDGE** |
| | **JURY TRIAL** |

**PETITION UNDER 28 U.S.C. 2254 FOR WRIT HABEAS CORPUS**
**BY A PERSON IN STATE CUSTODY**

1. The judgment of conviction was rendered in the 24th Judicial District Criminal Court, Jefferson Parish, Thomas F. Donelon Courthouse, 200 Derbigny St. Ste. 2400, Gretna 70053.
2. The Case Number is 99-5825.
3. The sentence imposed was life in prison without the possibility of parole.
4. The Petitioner was convicted with the second degree murder of Barton Sanford in violation of LSA-R.S. 14:30.1.

5. The Petitioner pled not guilty.
6. The Petitioner had a trial by jury.
7. The Petitioner did not testify throughout the criminal proceedings.
8. The Petitioner appealed from the judgment of conviction to the Louisiana State Court of Appeals, 5th Circuit. The judgment of appeal was affirmed *State v. Bradley*, 858 So. 2d 80 (La.App. 5 Cir. 09/16/03) on September 16, 2003. The petitioner raised the following grounds:

**POINT 1: THE EVIDENCE WAS INSUFFICIENT TO SUPPORT HIS CONVICTION.**

**POINT 2: PETITIONER CONTENDS THAT HIS STATEMENTS SHOULD HAVE BEEN SUPPRESSED BECAUSE THEY WERE NOT LEGALLY OBTAINED. THE LENGTH OF THE INTERVIEW, THE FAILURE OF DETECTIVES TO ADVISE HIM OF HIS CONSTITUTIONAL RIGHTS PRIOR TO EACH OF HIS STATEMENTS, AND THE FACT THAT HE WAS CONFRONTED WITH THE RESULTS OF A POLYGRAPH EXAMINATION CONTRIBUTED TO A COERCIVE ATMOSPHERE, THEREBY RENDERING HIS STATEMENTS INVOLUNTARY.**

9. The Louisiana Supreme Court denied Petitioner's writ on February 13, 2004. *State v. Bradley*, 867 So. 2d 688, 2004 La. LEXIS 549 (La., Feb. 13, 2004)
10. Petitioner did not file a writ of certiorari in the United States Supreme Court.
11. On January 20, 2005, Bradley filed a pro se motion for post-conviction relief based upon ineffective assistance of counsel and DNA testing, which was summarily denied.
12. On July 2, 2008, Mr. Bradley filed a subsequent post-conviction motion, which was again summarily denied.

13. On May 18, 2021, Bradley's post-conviction motion based upon his non-unanimous verdict was denied.

14. On December 28, 2022, Bradley filed an application for post-conviction relief (herein referred to as "APCR"). *See* Exhibit A – writ application to the Louisiana Supreme Court;[1] Exhibit B – Decision by the Louisiana Supreme Court. Bradley made the following claims:

**POINT I: THIS PETITION SHOULD BE HEARD**

**POINT II: EARL BRADLEY IS ACTUALLY INNOCENT. *See* La.C.Cr.P. Article 926.2; *Floyd v. Vannoy*, 894 F.3d 143 (5th Cir. 2018).**

**POINT III: NEWLY DISCOVERED EVIDENCE WOULD HAVE PROBABLY CHANGED THE VERDICT HAD THE JURY HEARD WHAT IS NOW BEFORE THE COURT.**

**POINT IV: THE SOLE EYEWITNESS, AMY LARCK, TESIFITIED FALSELY. AS SUCH, A FRAUD WAS PRESENTED TO THE COURT.**

**POINT V: THE STATE COMMITTED A BRADY VIOLATION WHEN IT FAILED TO TURN OVER AMY LARCK'S PRIOR CONVICTIONS.**

**POINT VI: TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED INVESTIGATE AND CALL MAE RIVET.**

**POINT VII: AT A MINIMUM, A HEARING MUST BE HELD TO DETERMINE THE VERACITY OF BRADLEY'S CLAIMS.**

15. Along with the APCR, Petitioner requested a stay to further investigate and supplement his petition.

[1] The procedural history and documents in support of are contained in Exhibit A.

16. On February 1, 2023, the District Court issued a preliminary order, directing the State to file its objections within 30 days of the order, and Mr. Bradley to file his supplemental brief by April 3, 2023.
17. The State submitted its procedural objections on March 3, 2023 and supplemented those objections on March 8, 2023.
18. On March 31, 2023, Bradley submitted his opposition to the State's procedural objections. Simultaneously, he submitted his supplemental APCR with Albert Russell's affidavit.
19. On May 3, 2023, the State responded to Bradley's supplemental memorandum of law and opposition to procedural objections.
20. On May 10, 2023, Mr. Bradley replied to the State's response to his supplemental memorandum of law and the State's response to Mr. Bradley's opposition to the State's procedural objections.
21. On May 31, 2023, the District Court summarily denied Mr. Bradley's APCR.
22. On June 14, 2023, Mr. Bradley filed a motion to reconsider his APCR and a notice of intent to file a supervisory writ.
23. On June 21, 2023, the District Court denied Mr. Bradley's motion to reconsider. On the same date, the District Court set a return date for Mr. Bradley's supervisory writ, which was July 20, 2023.
24. On July 7, 2023, Mr. Bradley requested an extension until August 10, 2023. The District Court granted said request.

25. On September 6, 2023, the Louisiana Court of Appeals, Fifth Circuit, denied Mr. Bradley's supervisory writ challenging the summary denial of his application for post-conviction relief.

26. On May 7, 2024, the Supreme Court of Louisiana affirmed the Louisiana Court of Appeals, 5th Circuit's decision.

27. The following issues form the basis of Petitioner's Amended Habeas Corpus petition are as follows:

**POINT I: THE STATE COMMITTED A *BRADY* VIOLATION AND ALLOWED A FRAUD UPON THE COURT WHEN THE STATE FAILED TO DISCLOSE THE SOLE EYEWITNESS'S TRUE CRIMINAL HISTORY AND ALLOWED THE WITNESS TO TESTIFY FALSELY, THEREBY VIOLATING MR. BRADLEY'S RIGHT TO A FAIR TRIAL.**

**POINT II: THE STATE COURT FAILED TO CONSIDER MR. BRADLEY'S GATEWAY CLAIM OF ACTUAL INNOCENCE WHICH WOULD HAVE LIFTED ANY PROCEDURAL BARS TO THE CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL AND FRAUD UPON THE COURT.**

**POINT III: MR. BRADLEY IS ACTUALLY INNOCENCE AND HIS CONTINUED INCARCERATION VIOLATES THE 8TH AND 14TH AMENDMENT.**

**POINT IV: THIS COURT SHOULD HOLD A HEARING TO ADDRESS THE VERACITY OF MR. BRADLEY'S CLAIMS AS THE LOWER COURT FAILED TO AFFORD MR. BRADLEY A FULL AND FAIR HEARING.**

28. The attorneys who represented Petitioner in this case are listed as follows:

(1) At the preliminary hearing, never had such a hearing, (2) at trial, Paul Fleming, (4) on appeal, Margaret S. Sollars, (5) during post-conviction proceedings, Justin Bonus and other attorneys that are unknown in previous post-conviction litigation.

29. Petitioner has no other future sentence to serve after the completion of the sentence he is now serving.

30. FINALLY, THIS MATTER IS FILED WITHIN THE TIME CONSTRAINTS OUTLINED IN 28 U.S.C. § 2254, AND THE AEDPA ONE YEAR LIMITATION, AS MR. BRADLEY ONLY FOUND OUT ABOUT MS. LARCK'S CRIMINAL HISTORY IN DECEMBER OF 2022 AND HAS BEEN LITIGATING HIS *BRADY* AND FRAUD UPON THE COURT CLAIMS SINCE THEN. ADDITIONALLY, MR. BRADLEY MEETS THE "GATEWAY INNOCENCE" STANDARD FOR THE REST OF HIS CLAIMS TO BE HEARD.

Therefore, Petitioner asks that the Court grant the following relief: vacate Mr. Bradley's conviction as the entire trial violated the fundamental rights of the Petitioner guaranteed by the United States Constitution, or any other relief the court deem just and proper.

**Dated: November 14, 2024**
**Metairie, LA**

RESPECTFULLY YOURS,

MANARD LAW OFFICES

*Walker Lasiter*

P. Walker Lasiter, Bar Roll # 38102
4412 Trenton Street
Metairie, LA 70006

AND

**JUSTIN C. BONUS, ESQ.**
**(Pro Hac Vice)**
118-35 Queens Blvd, Suite 400
Forest Hills, NY 11375
(347)920-0160
justin.bonus@gmail.com

Attorneys for Petitioner,
Earl Bradley